FILED

MAR - 6 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JULIO LINDO and REYNA LINDO<br><br>Debtor.<br>_____/ | Case No. 05-14184-A-13K<br>DC Nos. MNE-1; MNE-3<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW REGARDING<br>TRUSTEE'S MOTION TO DISMISS |

On January 26, 2006, a hearing was held on the debtors' motion to confirm their amended chapter 13 plan and on the motion of the chapter 13 trustee to dismiss the case. At the hearing, the court denied the motion to confirm without prejudice, because the debtors had failed to file a separate proof of service. The court took under submission the motion to dismiss. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

The Debtors filed their chapter 13 case on May 23, 2005. On the same date, they filed their original chapter 13 plan. Creditors Lupe Castro Navarro and Nellie E. Navarro (the "Navarros") moved for relief from stay immediately. A hearing on their motion for relief from stay was held initially on June 23, 2005, and then continued to July 27, 2005, to be heard with the initial plan confirmation hearing.

Both the chapter 13 trustee and the Navarros objected to confirmation of the debtors' original plan. The basis of the trustee's objection was that the debtors had failed to utilize projected disposable income, the plan was not feasible, and real property taxes had not been provided for in the plan. The basis of the objection by the Navarros was that the plan was not feasible, the debtors had not provided for property insurance, and the plan did not provide for payment of delinquent real property taxes.

In 2002, the debtors had purchased two separate real properties from the Navarros, each pursuant to a written contract of sale. The debtors defaulted under each of the land sale contracts, and the Navarros obtained a stipulated judgment in Kern County Superior Court. That stipulated judgment requires the debtors to pay off all balances due and owing on both land sale contracts by March 13, 2005.

On July 27, 2005, the court granted relief from stay to the Navarros effective August 26, 2005, unless the debtors confirmed a plan by August 25, 2005. Also on July 27, 2005, the court sustained the trustee's objection to confirmation and continued, conditionally, the trustee's motion to dismiss. The court also sustained the objection to confirmation by the Navarros.

The debtors filed an amended chapter 13 plan on August 5, 2005. However, they failed to notice a hearing on plan confirmation. The trustee's third motion to dismiss the case was set for hearing November 17, 2005. Apparently in response thereto, the debtors filed a motion to confirm their amended chapter 13 plan on November 16, 2005, setting it for hearing

January 25, 2006. At the November 17th hearing on the trustee's motion to dismiss, the court continued the motion to January 26, 2006 as a final hearing to be heard with the debtors' motion to confirm a modified plan.

The trustee once again objected to plan confirmation as well as maintaining his motion to dismiss. The trustee observed that the blanks regarding payment to unsecured creditors in the plan were not filled in and therefore the plan must be construed as a plan requiring 100% payment to unsecured creditors. The trustee also pointed out that the arrearage owed to the Navarros made the plan nonfeasible. The debtors had failed to object to the Navarros' claim, which asserted an amount due of over $220,000.

Bankruptcy Code § 1307 provides for dismissal or conversion of a chapter 13 case. Section 1307(c) sets forth nonexclusive grounds to dismiss a case. Those grounds include unreasonable delay by the debtor that is prejudicial to creditors and denial of confirmation of a plan. This case was filed in May 2005. Despite being given numerous opportunities to confirm a plan, the debtors have failed to do so. Based on the Navarros' proof of claim, there is no possibility of a confirmable plan in a reasonable period of time.

For all the foregoing reasons, the court finds and concludes the case should be dismissed. The chapter 13 trustee shall submit an appropriate form of order dismissing the case.

DATED: March 6, 2006.

_____
WHITNEY RIMEL, Judge
United States Bankruptcy Court

```
 1                    PROOF OF SERVICE BY MAIL
 2   STATE OF CALIFORNIA    )
                            ) ss.
 3   COUNTY OF FRESNO       )
 4       I am a citizen of the United States and a resident of the
 5   county aforesaid; I am over the age of eighteen years and not a
 6   party to the within above-entitled action; my business address is
 7   2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721.
 8   On 3/6/06, I served the within document on the interested parties
 9   in said action by placing a true copy thereof enclosed in a
10   sealed envelope with postage thereon fully prepaid, in the United
11   States mail at Fresno, California, addressed as follows:
12   M. Nelson Enmark, Esq.
     3447 W. Shaw Avenue
13   Fresno, California 93711
14   Robert E. Dowd, Esq.
     815 Washington Avenue
15   Bakersfield, California 93308
16   Lupe and Nellie Navarro
     c/o Fawn K. Dessy, Esq.
17   Dessy & Dessy
     1301 L Street
18   Bakersfield, California 93301
19   Lupe and Nellie Navarro
     c/o Cynthia R. Scully, Esq.
20   P. O. Box 21045
     Bakersfield, California 93390
21
22       I certify (or declare), under penalty of perjury, that the
23   foregoing is true and correct.  Executed on 3/6/06, at Fresno,
24   California.
25
                                      _____Kathy Torres_____
26                                    Kathy Torres, PLS
27
28
```